

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED

SEP 1 4 2022

TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

MANUEL DOMINGOS PITA and
DANIEL PITA

CASE NO. 8: 22cv-330 TPB -JSS

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1957

SEALED

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Wire Fraud Conspiracy)

### A.    Introduction

At times material to this Indictment:

1.     Domingos 54 Construction Inc. ("Domingos 54 Construction") was a corporation registered with the Florida Department of State. Domingos 54 Construction was created in or about May 2018, and its principal place of business was at an address in Hillsborough County, in the Middle District of Florida. Defendant MANUEL DOMINGOS PITA was the only director of Domingos 54 Construction at its creation and was the company's President.

2.     Defendant MANUEL DOMINGOS PITA managed and directed the operations of Domingos 54 Construction.

3.     Defendant DANIEL PITA was a financial adviser and a point of contact for Domingos 54 Construction and a signatory on one of its bank accounts.

4.      Under Florida law, any contractor or subcontractor who engaged in any public or private construction was required to secure and maintain valid coverage under state law for worker's compensation insurance (hereinafter "worker's compensation insurance"). A contractor was required to obtain evidence from its subcontractors that the subcontractors had worker's compensation insurance coverage for their workers. Failure to maintain worker's compensation insurance was a felony offense under Florida law.

5.      Providers of worker's compensation insurance based the premiums they charged and the amount of coverage they provided on the number of employees a company had and the total annual payroll of those employees.

6.      Businesses frequently provided proof of worker's compensation insurance coverage in the form of a Certificate of Liability Insurance, a document declaring that the subcontractor has the requisite insurance coverage. This certificate of insurance ("COI") stated only that the business had worker's compensation insurance and did not include the number of workers or the amount of payroll covered by the insurance policy.

7.      Domingos 54 Construction had agreements with contractors and subcontractors (hereinafter, collectively "contractors") to use workers purported to be "Domingos 54 Construction employees" at construction sites, and these workers were often undocumented aliens who were actually working for and under the daily supervision and direction of the contractors and others.

8.    Domingos 54 Construction received purported "payroll checks" from contractors and withdrew cash at various financial institutions to pay "Domingos 54 Construction employees" and other related expenses.

### B.    The Conspiracy

9.    From in or about May 2018, through the present, in the Middle District of Florida and elsewhere, the defendants,

MANUEL DOMINGOS PITA and
DANIEL PITA,

did knowingly and voluntarily, combine, conspire, confederate, and agree with each other and with other persons, known and unknown to the Grand Jury, to commit wire fraud, in violation of 18 U.S.C. § 1343.

### C.    Manner and Means

10.    The manner and means by which the conspirators carried out the object of the conspiracy included, among others, the following:

(a)    It was a part of the conspiracy that the defendants, MANUEL DOMINGOS PITA and DANIEL PITA, through Domingos 54 Construction, would and did facilitate the employment in the construction industry of undocumented aliens working illegally in the United States by purporting to employ such workers as its employees at various construction jobsites.

(b)    It was further a part of the conspiracy that defendants MANUEL DOMINGOS PITA and DANIEL PITA and others would and did provide, and cause to be provided, false and fraudulent information about, among other topics,

3

the number of Domingos 54 Construction's employees and how much money they were paid, to worker's compensation insurance carriers in order to secure COIs.

(c)     It was further a part of the conspiracy that defendants MANUEL DOMINGOS PITA and DANIEL PITA and others would and did cause construction contractors to enter into agreements with Domingos 54 Construction, during the course of which Domingos 54 Construction would agree to represent falsely and fraudulently that it did, in fact, employ said jobsite workers, when, in fact, such employees actually worked for and under the direction and supervision of the contractors and others.

(d)     It was further a part of the conspiracy that defendants MANUEL DOMINGOS PITA and DANIEL PITA and others would and did send, and cause to be sent, wire transmissions in interstate commerce to numerous contractors that contained COIs that falsely and fraudulently suggested that these purported "Domingos 54 Construction employees" had the requisite worker's compensation insurance coverage, when, in fact, they lacked the required insurance coverage.

(e)     It was further a part of the conspiracy that defendants MANUEL DOMINGOS PITA and DANIEL PITA and others would and did cause said contractors to provide checks to Domingos 54 Construction to pay for the contractors' jobsite workers' wages.

(f)     It was further a part of the conspiracy that defendants MANUEL DOMINGOS PITA and DANIEL PITA and others would and did deposit said contractors' checks into Domingos 54 Construction bank accounts, and would and

4

did withdraw cash from said bank accounts, in order to pay the contractors' jobsite workers, and the defendants would and did retain a percentage of those payments as their fee.

(g)   It was further a part of the conspiracy that defendants MANUEL DOMINGOS PITA and DANIEL PITA and others, including contractors doing business with Domingos 54 Construction, would and did conceal the facts that: (1) construction jobsite workers were not legally authorized to work in the United States; (2) jobsite workers were not covered under worker's compensation insurance, as required; and (3) required state and federal payroll taxes were not being paid for these workers.

(h)   It was further a part of the conspiracy that defendants MANUEL DOMINGOS PITA and DANIEL PITA and others would and did make use of the proceeds of this scheme to defraud in order to perpetuate the scheme and to enrich themselves and members of their family.

(i)   It was further a part of the conspiracy that defendants MANUEL DOMINGOS PITA and DANIEL PITA and others would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purposes of and the acts done in furtherance of said conspiracy.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH TWELVE
### (Wire Fraud)

### A.    Introduction

1.    The Grand Jury realleges and incorporates by reference Part A of Count One of this Indictment as though fully set forth herein.

### B.    The Criminal Scheme

2.    From in or about May 2018, and continuing thereafter through the present, in the Middle District of Florida and elsewhere, the defendants,

MANUEL DOMINGOS PITA and
DANIEL PITA,

did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property in connection with the acquisition of worker's compensation insurance policies for and on behalf of Domingos 54 Construction and the operation of Domingos 54 Construction as the purported employer of construction site labor at numerous construction jobsites, all of which they accomplished by means of the submission of false and fraudulent pretenses, representations, and promises relating to material facts.

### C.    The Manner and Means of the Scheme

3.    The Grand Jury realleges and incorporates by reference Part C of Count One of this Indictment as though fully set forth herein.

### D.    <u>Interstate Wire Transmissions</u>

4.    On or about the dates set forth below, in the Middle District of Florida, the defendants, as alleged below, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire and radio communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, to wit:

| COUNT | DATE | DEFENDANT | SUBJECT | SENT FROM | SENT TO |
|-------|------|-----------|---------|-----------|---------|
| TWO | 10/18/18 | MANUEL DOMINGOS PITA | Please DocuSign:DHM Shell Master Subcontractor Agreement | Hxxxxxr Mxxxx | Mxxxxxxxxa630 @gmail.com |
| THREE | 12/28/18 | MANUEL DOMINGOS PITA | Fully Executed Master Subcontractor Agreement | Kxx Rxxx | Manuel Domingos Pita |
| FOUR | 5/01/19 | MANUEL DOMINGOS PITA and DANIEL PITA | Document signed: Domingos 54 Work Comp Apps to Sign | Gxxx Rxx | Mxxxxxxxxa630 @gmail.com |
| FIVE | 5/06/19 | MANUEL DOMINGOS PITA and DANIEL PITA | Domingos 54 Construction, Inc., WCV28545500 COI Company List | Daniel Pita | Sxxxxxxxe @roeins.com |
| SIX | 5/13/19 | MANUEL DOMINGOS PITA and DANIEL PITA | Domingos 54 WC COI | Daniel Pita | subcontractors@ oxxxxxxx.com, et al. |
| SEVEN | 9/18/19 | MANUEL DOMINGOS PITA and DANIEL PITA | Re: Jxxn Oxxxxa | Mxxxxxxxxx630@ gmail.com | Txxxxy@ bxxxxxxcxxxxxxxxxxn .com |

| COUNT | DATE | DEFENDANT | SUBJECT | SENT FROM | SENT TO |
|---|---|---|---|---|---|
| **EIGHT** | 1/30/20 | MANUEL DOMINGOS PITA and DANIEL PITA | Fwd:Invoice-Workers Compensation | Daniel Pita | Mxxxxxxxxxx630 @gmail.com |
| **NINE** | 2/28/20 | DANIEL PITA | DOMINGOS-COI | Sxxxxxxxxe@ Rxxxxs.com | Daniel Pita@msn.com. |
| **TEN** | 5/03/20 | MANUEL DOMINGOS PITA | FROM DOMINGOS54 CONSTRUCTION | MANUEL DOMINGOS PITA | Rxxxxl.Dxxxs @hylant.com, et al. |
| **ELEVEN** | 5/05/21 | MANUEL DOMINGOS PITA | FROM DOMINGOS CONSTRUCTION, INC. | MANUEL DOMINGOS PITA | Mxxxxxxl @cisllcfl.com |
| **TWELVE** | 5/05/21 | MANUEL DOMINGOS PITA | 21/22 Workers Comp Policy and Claims Kit | Mxxxxxxl@ cisllcfl.com | Domingos54construc tioninc.@gmail.com |

All in violation of 18 U.S.C. § 1343.

## COUNTS THIRTEEN THROUGH SEVENTEEN
### (Money Laundering)

## COUNT THIRTEEN

### A.    Introduction

1.    The Grand Jury realleges and incorporates by reference Parts A and C of Count One of this Indictment as though fully set forth herein.

### B.    The Monetary Transaction

2.    On or about July 3, 2019, in the Middle District of Florida and elsewhere, the defendants,

MANUEL DOMINGOS PITA and
DANIEL PITA,

aided and abetted by others, known and unknown to the Grand Jury, knowingly engaged and attempted to engage, and caused each other and others to engage, in a monetary transaction that affected interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, wire fraud, in violation of 18 U.S.C. § 1343, as alleged in Counts One through Twelve above, to wit: the transfer of $379,367.55 from Financial Institution #1 (account ending xxx1084) to the benefit of Law Firm #1 in relation to the purchase of real property in Morriston, Florida.

All in violation of 18 U.S.C. §§ 1957 and 2.

## COUNT FOURTEEN

### A.    Introduction

1.    The Grand Jury realleges and incorporates by reference Parts A and C of Count One of this Indictment as though fully set forth herein.

### B.    The Monetary Transaction

2.    On or about February 27, 2020, in the Middle District of Florida and elsewhere, the defendant,

MANUEL DOMINGOS PITA,

aided and abetted by others, known and unknown to the Grand Jury, knowingly

engaged and attempted to engage, and caused others to engage, in a monetary

transaction that affected interstate and foreign commerce, in criminally derived

property of a value greater than $10,000, that is, wire fraud, in violation of 18 U.S.C.

§ 1343, as alleged in Counts One through Twelve above, to wit: the transfer of

$21,677.76 from Financial Institution #1 (account ending xxx8868) in relation to the

purchase of a 2015 Honda.

All in violation of 18 U.S.C. § 1957.

## COUNT FIFTEEN

### A.    Introduction

1.    The Grand Jury realleges and incorporates by reference Parts A and C

of Count One of this Indictment as though fully set forth herein.

### B.    The Monetary Transaction

2.    On or about June 10, 2021, in the Middle District of Florida and

elsewhere, the defendant,

### MANUEL DOMINGOS PITA,

aided and abetted by others, known and unknown to the Grand Jury, knowingly

engaged and attempted to engage, and caused others to engage, in a monetary

transaction that affected interstate and foreign commerce, in criminally derived

property of a value greater than $10,000, that is, wire fraud, in violation of 18 U.S.C.

§ 1343, as alleged in Counts One through Twelve above, to wit: the transfer of

$240,659.83 from Financial Institution #1 (account ending xxx1182) to the benefit of

Law Firm #2 in relation to the purchase of real property in Durham, North Carolina.

All in violation of 18 U.S.C. § 1957.

## COUNT SIXTEEN

### A.     Introduction

1.     The Grand Jury realleges and incorporates by reference Parts A and C of Count One of this Indictment as though fully set forth herein.

### B.     The Monetary Transaction

2.     On or about July 22, 2021, in the Middle District of Florida and elsewhere, the defendant,

MANUEL DOMINGOS PITA,

aided and abetted by others, known and unknown to the Grand Jury, knowingly engaged and attempted to engage, and caused others to engage, in a monetary transaction that affected interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, wire fraud, in violation of 18 U.S.C. § 1343, as alleged in Counts One through Twelve above, to wit: the transfer of $50,000.00 from Financial Institution #1 (account ending xxx5555) to the benefit of Mortgage Company #1 in relation to the purchase of real property in Wesley Chapel, Florida.

All in violation of 18 U.S.C. § 1957.

## COUNT SEVENTEEN

### A.    Introduction

1.    The Grand Jury realleges and incorporates by reference Parts A and C of Count One of this Indictment as though fully set forth herein.

### B.    The Monetary Transaction

2.    On or about November 8, 2021, in the Middle District of Florida and elsewhere, the defendant,

MANUEL DOMINGOS PITA,

aided and abetted by others, known and unknown to the Grand Jury, knowingly engaged and attempted to engage, and caused others to engage, in a monetary transaction that affected interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, wire fraud, in violation of 18 U.S.C. § 1343, as alleged in Counts One through Twelve above, to wit: the transfer of $313,283.00 from Financial Institution #1 (account ending xxx1182) to the benefit of an account of MANUEL DOMINGOS PITA at Financial Institution #2 in relation to the purchase of real property in Portugal.

All in violation of 18 U.S.C. § 1957.

## FORFEITURES

1.    The allegations contained in Counts One through Seventeen of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c).

2.     Upon conviction of a violation of 18 U.S.C. § 1343 or 18 U.S.C. § 1349, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.     Upon conviction of a violation of 18 U.S.C. § 1957, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

4.     The property to be forfeited includes, but is not limited to, the following:

a.     An order of forfeiture in the amount of at least $5,568,499.74, which represents the approximate amount of proceeds defendants MANUEL DOMINGOS PITA and DANIEL PITA personally obtained as a result of the offenses alleged in Count One through Twelve;

b.     The real property located at **885 Saratoga Drive, Durham, North Carolina**, being the same premises conveyed to Maria Gabriela Pita, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Lot 89, VILLAGES OF INDEPENDENCE PARK, a subdivision according to the plat or map thereof described in Plat Book 000196, at Page 000273, Deed Book 009359 at Deed Page 000345, of the Public Records of Durham County, North Carolina.

Parcel Identification Number: 0833-47-15-5799;

c.     The real property located at **21250 Southeast 42nd Street, Morriston, FL** being the same premises conveyed to Daniel Pita Stable, LLC, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

13

Part of Tract 27, Starting Point S/D Replat of Tract 27, Lot 1, Book 1501, Page 264, of the Public Records of LEVY County, Florida.

Parcel Identification Number: 2222100000;

d.    The real property located at **30073 Southwell Lane, Wesley Chapel, FL** being the same premises conveyed to Manuel D Pita, in Pasco County, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Lot 13, WINDERMERE ESTATES AT WIREGRASS RANCH PHASE 1, according to the Plat thereof, recorded in Plat Book 72, Page 52, of the Public Records of PASCO County, Florida.

Parcel Identification Number: 28-26-20-0020-00000-0130;

e.    The real property located at **26548 Castleview Way, Wesley Chapel, Florida** being the same premises conveyed to Maria DE Fatima Ferreira, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Lot 2, BAY AT CYPRESS CREEK, a subdivision according to the plat or map thereof described in Plat Book 49, at Page 132, Block 21, of the Public Records of PASCO County, Florida.

Parcel Identification Number: 26-26-19-0010-02100-0020.

f.    A 2020 Mercedes, Model GLC300W, Florida license plate number LVVE89, VIN number WDCOG8DB2LF726430; and

g.    A 2015 Honda, Model CRV, Florida license plate number NPXC38, VIN number 5J6RM4H94FL024700.

5.    If any of the property described above, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

14

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
    Jay L. Hoffer
    Assistant United States Attorney

By: _____
    Rachelle DesVaux Bedke
    Assistant United States Attorney
    Chief, Economic Crimes Section

15

FORM OBD-34
September 22

No. _____

# UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

### MANUEL DOMINGOS PITA, and
### DANIEL PITA

## INDICTMENT

Violations: 18 U.S.C. §§ 1349, 1343, and 1957

A true bill,

_____
Foreperson

Filed in open court this _____ day of September, 2022.

_____
Clerk

Bail $_____

GPO 863 525